HEINZ J. MAHLER - #3832
BLAKE A. HALLOCK - #17225
KIPP AND CHRISTIAN, P.C.
*Attorneys for Plaintiff*
10 Exchange Place, 4th Floor
Salt Lake City, Utah   84111
Telephone: (801) 521-3773
hjmahler@kippandchristian.com
bhallock@kippandchristian.com

IN THE SECOND JUDICIAL DISTRICT COURT

IN AND FOR WEBER COUNTY, STATE OF UTAH

| MIDWEST FAMILY MUTUAL INSURANCE COMPANY, a Minnesota corporation a/s/o LYNN WOODWARD ELECTRIC, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PRAXAIR DISTRIBUTION, INC., a Delaware corporation,<br><br>Defendants. | **COMPLAINT & JURY DEMAND**<br><br>**(Tier II)**<br><br><br>Civil No. 200906147<br><br>Judge Jennifer Valencia |
|---|---|

Plaintiff Midwest Family Mutual Insurance Company ("Midwest Family"), by and through counsel, hereby complains against Defendant Praxair Distribution, Inc. ("Praxair") and for causes of action alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Midwest Family is an insurance company licensed to do business in the State of Utah.


EXHIBIT A

2. Lynn Woodward Electric, LLC ("LWE") is a Utah limited liability company with its principal place of business in Ogden, Utah.

3. Defendant Praxair is incorporated under the laws of the State of Delaware, has its principal place of business in the State of Connecticut, and does business in Weber County, State of Utah.

4. The events and conduct that give rise to this action occurred in Weber County, State of Utah.

5. Jurisdiction is proper in this Court pursuant to Utah Code Ann. § 78A-5-102.

6. Venue is proper in this Court pursuant to Utah Code Ann. § 78B-3-307.

7. Pursuant to Rule 26(c)(3) of the Utah Rules of Civil Procedure, this action is a Tier II case for discovery purposes.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

9. Plaintiff is the insurer of LWE and is subrogated to LWE's claims against Praxair for damages.

10. LWE is an electrical services contractor which specializes in the design, installation, and maintenance of commercial and industrial electrical systems and equipment.

11. Defendant is an industrial gases company which manufactures and sells a variety of industrial and specialty gases.

12. On or around January 24, 2020, LWE purchased a cylinder of compressed nitrogen gas from Praxair at Praxair's place of business in Ogden, Utah.

2

13. Later that day, LWE performed routine maintenance on four transformers owned by Fresenius USA Manufacturing, Inc. ("FUSA") at FUSA's Ogden, Utah manufacturing plant.

14. As part of the maintenance it performed, LWE purged the transformers using the compressed nitrogen gas supplied by Praxair.

15. As LWE's employee was pumping the compressed nitrogen gas into one of the transformers, he noticed water in the tubing.

16. Immediately upon noticing the water, LWE's employee halted the process of purging the transformers.

17. LWE's employee then brought the cylinder of nitrogen gas back to Praxair's place of business in Ogden, Utah where it had been purchased and filled.

18. Praxair examined the cylinder and verified that it was contaminated with water.

19. Later that same day, and as a direct and proximate consequence of exposure to the water-contaminated nitrogen gas, two of the transformers serviced by LWE experienced total electrical failure, resulting in irreparable damage.

20. Additionally, the other two transformers serviced by LWE required extensive maintenance.

21. As a further consequence of this incident, FUSA was temporarily deprived of the use of its transformers.

22. These damages were caused entirely by the contaminated nitrogen gas supplied to LWE by Praxair.

23. Following the incident, FUSA issued a demand requiring LWE to replace the two failed transformers, remove and replace the contaminated oil in the other two transformers, and compensate FUSA for lost production time in the amount of $69,892.53.

24. In addition to the $69,892.53 LWE paid to FUSA as compensation for lost production time, LWE incurred expenses in the amount of $184,172.85 to replace or repair the four transformers.

25. In total, LWE was damaged in the amount of not less than $254,065.38 as a result of this incident.

26. Pursuant to the terms of LWE's insurance policy with Plaintiff, Plaintiff reimbursed LWE for these damages.

27. Plaintiff is entitled to reimbursement from Praxair for these damages in an amount not less than $254,065.38.

## **FIRST CAUSE OF ACTION**
(Negligence)

28. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

29. At all times relevant hereto, it was Praxair's duty to exercise due care in designing, manufacturing, distributing, marketing, and selling compressed nitrogen gas products such that they would be reasonably safe for their intended use.

30. Praxair breached this duty of care by selling to LWE the water-contaminated compressed nitrogen gas described above.

31. Praxair's negligence was the proximate cause of the damage to FUSA's transformers.

32. As a direct and proximate consequence of Praxair's negligence, Plaintiff was damaged in the amount of not less than $254,065.38.

## SECOND CAUSE OF ACTION
(Breach of Warranty)

33. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

34. Praxair expressly and/or impliedly warranted the fitness and merchantability of the compressed nitrogen gas it sold to LWE.

35. Praxair further expressly and/or impliedly warranted that the compressed nitrogen gas would conform to product specifications, including purity standards.

36. Praxair breached these express and/or implied warranties by selling to LWE the water-contaminated compressed nitrogen gas described above.

37. Praxair's breach of these warranties was the proximate cause of the damage to FUSA's transformers.

38. As a direct and proximate consequence of Praxair's breach, Plaintiff was damaged in the amount of not less than $254,065.38.

## THIRD CAUSE OF ACTION
(Strict Products Liability)

39. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

40. On and prior to January 24, 2020, Praxair was engaged in the business of manufacturing, marketing, distributing, and selling compressed nitrogen gas and did manufacture, distribute, market, and sell such gas to LWE.

41. Praxair had a duty to manufacture, distribute, market, and sell compressed nitrogen gas so that it was neither defective nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed, and sold.

42. At the time the compressed nitrogen gas was sold by Praxair to LWE on January 24, 2020, it was in an unreasonably dangerous or defective condition in that it was contaminated with water.

43. LWE used the compressed nitrogen gas for its intended purpose; namely, for the maintenance of sensitive electrical equipment.

44. LWE could not have discovered the defective condition of the compressed nitrogen gas through the exercise of due care.

45. The defective condition of the compressed nitrogen gas was the proximate cause of the damage to FUSA's transformers.

46. Accordingly, Plaintiff is entitled to compensatory damages from Praxair in an amount not less than $254,065.38.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Midwest Family, as subrogee of Lynn Woodward Electric, LLC, requests relief as follows:

1. For judgment against Praxair and an award of damages in an amount not less than $254,065.38 or such other amounts as awarded by the trier of fact;

2. For pre- and post-judgment interest;

3. For an award of Plaintiff's costs and attorney fees incurred herein; and

4. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to the provisions of Rule 38 of the Utah Rules of Civil Procedure, Plaintiff respectfully demands trial by jury. The statutory fee is tendered herewith.

DATED this 30th day of October, 2020.

                KIPP AND CHRISTIAN, P.C.

                */s/ Heinz J. Mahler*

                _____
                HEINZ J. MAHLER
                BLAKE A. HALLOCK
                *Attorneys for Plaintiff*